UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER LEE GILBERT, #99903-555**
also known as Lamarcus Lee Hillard                                                                **PETITIONER**

**VERSUS**                                            **CIVIL ACTION NO.   3:15-cv-344-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                                  **RESPONDENT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Walter Lee Gilbert, also known as Lamarcus Lee Hillard, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is presently incarcerated at the United States Penitentiary, USP Florence ADMAX, in Florence, Colorado. Upon review of the Petition [1], the Court finds that the instant Petition should be dismissed for the following reasons.

Jurisdiction

Petitioner was incarcerated in Colorado when he filed the Petition. [1] at 1. Because Petitioner was not in custody within the territorial limits of this Court's jurisdiction when he filed the Petition, as a general rule this Court would not have jurisdiction. *See, e.g., Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001)*; Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Consequently, the instant Petition would ordinarily be dismissed for lack of jurisdiction. *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)(district court has no jurisdiction to consider § 2241 petition unless prisoner or custodian located within district). In this case, however, Petitioner is incarcerated at a federal prison but is an inmate of the Mississippi Department of Corrections ("MDOC"), serving sentences imposed in state court. [1] at 1; MDOC Inmate

Search, https://www.ms.gov/mdoc/inmate/Search/GetDetails/K3739.

In *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484 (1973), the Supreme Court noted an expanded definition of "custody" and allowed a petitioner incarcerated in an Alabama prison to challenge a Kentucky detainer in Kentucky federal court.  The Supreme Court reasoned that the state holding the prisoner was acting as an agent for the demanding state.  *Id.* at 498-500.  Subsequently though, in *Rumsfeld v. Padilla*, 542 U.S. 426, 435-442 (2004), the Supreme Court reiterated that the "default rule" in "core challenges" brought pursuant to Section 2241 is that the proper respondent to a Section 2241 petition is the "immediate custodian" where physical custody is at issue.

Petitioner requests that records for which Mississippi is responsible be corrected.  [1] at 7.  Given the nature of Petitioner's claims in this case, and the fact that the custodian with legal control of Petitioner is in this jurisdiction, this Court finds that Petitioner's situation is analogous to *Braden*.  Petitioner is not in custody due to a federal court sentence.  USP Florence ADMAX is acting as an agent for Mississippi.  *See, e.g., Reed v. Warden,* No. 12-cv-2961, 2013 WL 1098257 (W.D. La. Jan. 16, 2013)(petitioner in federal prison challenging detainer placed on him by another state challenges a form of custody other than present physical confinement, warranting transfer of case to federal court in state of challenged custody); *Carballo v. LaManna*, No. 8:05-3276-GRA-BHH, 2006 WL 3230761 (D. So. Carolina Nov. 6, 2006)(federal bureau of prisons was merely custodian for state prisoner housed in federal facility in another state due to hurricane damage and had no authority to determine parole for state prisoner in federal custody).  Accordingly, this Court has jurisdiction.

Failure to State a Claim

      Even construing the Petition liberally, as required by *Haines v. Kerner*, 404 U.S. 519 (1972), it does not raise a Section 2241 claim.  Though couched as a Section 2241 claim, the instant Petition does not challenge the constitutionality of detention or the execution of sentence.  Petitioner alleges that he is housed under the wrong name.  [1] at 2.  He seeks only the correction of his name on all prison records. [1] at 8.  The Petition, therefore, does not raise claims cognizable under Section 2241.

      A petition for habeas relief pursuant to Section 2241 will not be granted unless the petitioner is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Moreover, "habeas is not available to review questions unrelated to the cause of detention."  *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976).  The United States Court of Appeals for the Fifth Circuit in *Pierre* stated that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."  *Id.* at 935-36.

      Petitioner does not challenge the lawfulness of his detention, nor does he urge the Court to release him from custody.  A ruling in his favor on his Petition would not entitle him to accelerated release.  Petitioner is challenging a condition of his confinement  the name being used to identify him.  It does not appear from the Petition that the issue of the alleged used of Petitioner's alias rather than his given name presently before this Court is in any manner related to a claim for early release from incarceration.  Therefore, the claim set out in the instant Petition is not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Conclusion

Petitioner has not presented an arguable claim for habeas corpus relief. Therefore, this Petition filed pursuant to Section 2241 is dismissed without prejudice. A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the 23rd day of July, 2015.

/s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE